UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI TWYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10-cv-0601-TWP-TAB |
| | ) |
| BRIAN BURTON and RYAN MEARS, | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON DEFENDANT RYAN MEARS' MOTION TO DISMISS

This § 1983 matter is before the Court on Defendant Ryan Mears' ("Mears") 12(b)(6) Motion to Dismiss [Dkt. 25]. Plaintiff Toni Twyman ("Twyman") brought the present action pursuant to 42 U.S.C. § 1983, alleging that Mears and Brian Burton ("Burton") (collectively, "Defendants"), undercover detectives with the Franklin Police Department ("FPD"), violated her constitutional rights by subjecting her to inappropriate sexual acts and harassment while she worked for them as a confidential drug informant. For the reasons set forth below, Mears' Motion to Dismiss [Dkt. 25] is **GRANTED** in part and **DENIED** in part.

### I. LEGAL STANDARD

Defendant Ryan Mears, has moved to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the

grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations and internal quotations omitted). Finally, although heightened fact pleading is not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## II. BACKGROUND

Twyman's Complaint alleges a litany of police misconduct, running the gamut from silly and immature to deplorable and dangerous. This unfortunate string of events began in 2007, when Twyman moved to Franklin, Indiana with her three children. (Complaint ¶ 9-10). Twyman was living a sober lifestyle by the time she moved however, in the past she had encountered a number of alcohol-fueled problems, including a DUI arrest and the initiation of a CHINS proceeding jeopardizing her custodial status. *(Id*. at 12-13).

Soon after moving, Twyman began serving as a confidential drug informant for the FPD. *(Id*. at 14-21). Twyman's initial contact with the FPD was Burton, who promised Twyman that if she assisted him in drug investigations, he would, among other things, "get rid of" her DUI and "take care" of the CHINS action. (*Id*. at 22). Enticed by this quid pro quo proposition, Twyman assisted Burton with a meth investigation, agreeing to wear a concealed audio wire and camera while making controlled drug buys. (*Id*. at 23, 24, 26). According to Twyman, the relationship eventually veered into unprofessional and unseemly territory. On February 23, 2009, Burton fondled Twyman's breasts when fitting her with a concealed wire prior to a controlled drug buy. (*Id*. at 25). Months later, Burton's inappropriate behavior intensified: "[O]n or about May 29, 2009, while Detective Burton and Ms. Twyman were waiting for a person to

2

deliver drugs to be purchased, Detective Burton exposed his penis to Ms. Twyman." (*Id*. at 27).

Twyman only implicates Mears in *some* of her allegations. Specifically, Twyman alleges that on May 29, 2009 – the same day that Burton exposed himself – Mears showed her a picture from his cell phone of Burton holding Twyman's sex toy. (*Id*. at 28-29). According to the Complaint, "The photo had been taken at a time when Ms. Twyman was not present in her home and had not given permission to either Detective Burton or Detective Mears to be in her residence." (*Id*. at 30). The ridiculous antics did not end there. On July 15, 2009, Burton and Mears allegedly placed the same sex toy in Twyman's automobile, laughing when she unwittingly sat on it. (*Id*. at 31).

### III.  DISCUSSION

For purposes of Mears' Motion to Dismiss, it is important to partition off the more egregious allegations leveled against Burton from the allegations leveled against Mears. Based on the allegations of the Complaint, Mears never fondled or exposed himself to Twyman. Instead, a fair reading of the Complaint establishes that Mears engaged in the following behavior: (1) entering Twyman's home and taking a photo of a sex toy without permission when Twyman was not present; (2) showing Twyman the picture he took; and (3) placing the sex toy in the seat of Twyman's car and watching her reaction when she unwittingly sat on it.

To state a claim upon which relief can be granted under § 1983, Twyman's Complaint must allege that Mears caused her to suffer a *constitutional injury* while acting under color of state law. 42 U.S.C. § 1983; *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (§ 1983 "is not itself a source of substantive rights," but instead provides, "a method for vindicating federal rights elsewhere conferred."). Thus, the first step in analyzing a § 1983 claim is to identify the specific

3

constitutional right allegedly infringed. *Id*. (citations omitted). Here, Twyman's Complaint, in some form, contemplates three distinct constitutional claims: (1) Fourth Amendment illegal search and seizure; (2) Fourteenth Amendment substantive due process; and (3) Fourteenth Amendment equal protection. Each claim is analyzed separately below.

**A.     4th Amendment Claim**

Generally, in the absence of permission or exigent circumstances, police need a warrant to enter an individual's home, and entry without a warrant implicates the Fourth Amendment. *United States v. Hughes*, 993 F.2d 1313, 1315 (7th Cir. 1993) ("Warrantless searches are per se unreasonable under the Fourth Amendment subject to a few well-delineated exceptions."); *see also Kyllo v. United States*, 533 U.S. 27, 31 (2001); *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). Mears argues that Twyman's allegations fail to state a viable Fourth Amendment claim relating to Mears' alleged impermissible entry into her home. Indeed, on this point, Twyman's allegations are relatively scant, limited to the statement: "The photo had been taken [by Detective Mears] at a time when Ms. Twyman was not present in her home and had not given permission to either Detective Burton or Detective Mears to be in her residence." (Complaint ¶ 30) (emphasis added).

Mears makes two basic arguments in support of his argument that any Fourth Amendment claims against him should be dismissed. First, Mears argues that Twyman's Fourth Amendment claim is fatally deficient because she did not specifically allege that Mears' entry into her home was warrantless and not impelled by exigent circumstances. Instead, Twyman only alleges that the entry was *without permission*, which is far from synonymous with *warrantless under non-exigent circumstances*. Perhaps this is a close call, but the Court

respectfully disagrees with Mears' argument. Without engaging in inappropriate speculation, the Court can draw a reasonable inference that Mears – by entering a home without permission and snapping a photo of a sex toy – is liable for a violation of Twyman's Fourth Amendment rights. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged."). Mears' argument is an invitation for the Court to elevate form over substance. At this early stage, the Court will not do so where, as here, the complaint contains the requisite factual content.

Second, Mears argues that Twyman's Fourth Amendment claim fails because Twyman's Complaint fails to mention the Fourth Amendment, but instead focuses solely on the Fourteenth Amendment. The Court is not persuaded, finding this argument more semantic than substantive. Fed. R. Civ. P. 8(a) prescribes a notice pleading standard, only requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard applies to § 1983 claims. *Leatherman v. Tarrant County Narcotics & Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Moreover, pleading the wrong legal theory is not necessarily fatal to a plaintiff's case, assuming the facts alleged give rise to a plausible claim. *See generally, Shah v. Inter-Continental Hotel Chicago Operating* Corp., 314 F.3d 278, 282 (7th Cir. 2002) (plaintiff is not required to plead legal theories in complaint, but instead must only "describe his claim briefly and simply."). Here, despite omitting reference to the Fourth Amendment, Twyman pleaded facts giving rise to a plausible Fourth Amendment claim. *See United States v. Etchin*, 614 F.3d 726, 733 (7th Cir. 2010) ("It is therefore a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are

5

presumptively unreasonable.") (quoting *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)); *see also Hadley v. Williams*, 368 F.3d 747, 750 (7th Cir. 2004) (stating that, in the absence of consent or compelling circumstances, a warrant is required for entry into the home). Accordingly, Mears' Motion to Dismiss Twyman's Fourth Amendment claim is **DENIED**.

**B.     14th Amendment Substantive Due Process Claim**

The Fourteenth Amendment affords substantive due process, which encompasses a liberty interest in bodily integrity. *Albright*, 510 U.S. at 272; *Wudtke v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997) (finding a "liberty claim of a right to bodily integrity is . . . within substantive due process."). Here, Twyman alleges that her substantive due process rights were violated by Mears when he showed her the sex toy picture and "battered her with the object by placing it in her seat knowing that she would sit upon it." [Dkt. 31 at 1]. Such behavior is unquestionably puerile and repulsive. The harder question, however, is whether such behavior amounts to a constitutional deprivation. After all, "every official abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation. Some such conduct may simply violate state tort law or indeed may be perfectly legal, though unseemly and reprehensible." *McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003) (citation and internal quotations omitted). The key standard for determining a substantive due process claim is whether the action would "shock the conscience of federal judges." *Decker v. Tinnel*, 2005 WL 3501705, at *7 (N.D. Ind. Dec. 20, 2005) (citations and internal quotations omitted). More on-point, the Seventh Circuit has indicated that, in the context of battery, the right to bodily integrity is infringed only by a serious battery – not a battery that is nominal or

6

trivial. *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("Because any offensive touching . . . is a battery . . . most batteries are too trivial to amount to deprivations of liberty.").

So what kind of battery does amount to a constitutional deprivation? Not surprisingly, given the unique allegations at issue, the Court failed to find case law directly on-point. Nonetheless, the case law in this area does offer useful guidance, establishing that "serious" sexual assault implicates the substantive due process liberty interest in bodily integrity. *See, e.g., Wudtke*, 128 F.3d at 1063 (allegation of coercion to perform oral sex stated substantive due process claim); *Alexander*, 329 F.3d at 916 ("rape committed under color of state law is [] actionable under 42 U.S.C. § 1983" as a due process violation). Conversely, less odious conduct does not state a substantive due process claim. *See, e.g., Decker v. Tinnel*, 2005 WL 3501705 (N.D. Ind. Dec. 20, 2005) (no substantive due process claim where male officer, during voluntary ride-along with 18-year-old female, asked her to strip, repeatedly tried to kiss her, forced his hand between her thighs, and groped her breasts); *Nagle v. McKernan*, 2007 WL 2903179 (N.D. Ill. 2007) (no substantive due process violation where fire marshal wrote love note and intimately pressed his face against plaintiff and breathed on her neck). In determining whether the conduct at issue gives rise to a substantive due process claim, courts have ascribed weight to specific factors, including the duration of the offensive behavior and whether force was used. *Decker*, 2005 WL 3501705, at *9.

Based on the sweep of the case law and these factors, this Court is persuaded that Mears' reprehensible conduct does not support a claim under § 1983 for a violation of substantive due process. The duration of Mears' harassment was not protracted; Mears did not use force; Mears never directly touched Twyman; and to the extent Mears committed *indirect battery by sex toy*,

7

this battery is not sufficiently severe to give rise to a substantive due process claim. The line of demarcation separating a viable substantive due process claims from one that fails is somewhat nebulous. Regardless, the Court is convinced that Mears' behavior – taking a photo of a sex toy and placing the toy on Twyman's car seat so that she would unwittingly sit on it – falls well below the threshold line of egregiousness. Accordingly, Mears' Motion to Dismiss Twyman's substantive due process claim is **GRANTED**.

C.     **14th Amendment Equal Protection Claim**

In relevant part, Twyman's Complaint states, "Detective Ryan Mears' actions toward Ms. Twyman constitute a violation of her . . . right to be free of gender based harassment . . . in contravention of the fourteenth amendment to the U.S. Constitution." (Complaint ¶ 36). Mears largely ignored this claim in his briefing. As an initial matter, the Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [she] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) (citations and internal quotations omitted). Further, "[t]he Supreme Court and [the Seventh Circuit] have held that the equal protection clause contains a federal constitutional right to be free from gender discrimination," and "[a]ll district courts . . . that have interpreted this language as it applies to sexual harassment by a state employer have determined that such harassment constitutes sex discrimination in violation of the equal protection clause and is actionable under § 1983." *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1185 (7th Cir. 1986) (citations and internal quotations omitted).

Indeed, § 1983 claims grounded in the equal protection clause typically arise in the

employment context, which is not the case here, at least in the conventional sense of the word "employment." However, guidance from case law suggests that this fact is not fatal to Twyman's cause of action. *See Lytle v. Bd. of Lake County Commissioners*, 2007 WL 433539, *2-3 (N.D. Ind. Feb. 6, 2007) (ruling that plaintiff stated a claim under equal protection clause, even though defendant was not an employer for purposes of Title VII); *See also Decker*, 2005 WL 3501705, at *6 (tacitly acknowledging fact that although plaintiff failed to do so, she *could have* stated an equal protection clause claim against individual officer, even though she was not an employee); Cheryl L. Anderson, *Nothing Personal: Individual Liability Under 42 U.S.C. § 1983 For Sexual Harassment as an Equal Protection Claim*, 19 BERKELEY J. EMP. & LAB. L. 60, 67 (1998) ("Unlike Title VII, which rests liability on 'employers,' § 1983 applies to 'persons.'"). Twyman has sufficiently described her harassment claim against Mears. In light of the case law – coupled with Mears' failure to address the operative issue – Mears' Motion to Dismiss Twyman's equal protection claim is **DENIED**.

## CONCLUSION

For the reasons set forth above, Mears' Motion to Dismiss [Dkt. 25] is **GRANTED** in part and **DENIED** in part. Specifically, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's Fourteenth Amendment substantive due process claim; therefore, this claim is **DISMISSED** with prejudice. However, the Court **DENIES** the Motion to Dismiss as to Plaintiff's Fourth Amendment and Fourteenth Amendment equal protection clause claims.

SO ORDERED: 12/02/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

Copies to:

**Brandi A. Gibson**
COOTS HENKE & WHEELER, P.C.
bgibson@chwlaw.com,eprice@chwlaw.com

**Jaunae M. Hanger**
WAPLES & HANGER
jhanger@wapleshanger.com

**Matthew L. Hinkle**
COOTS HENKE & WHEELER
mhinkle@chwlaw.com,eprice@chwlaw.com,astandifer@chwlaw.com

**Ronald J. Semler**
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

**James S. Stephenson**
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

**Wayne E. Uhl**
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com,wuhl756@sbcglobal.net

**Richard A. Waples**
WAPLES & HANGER
rwaples@wapleshanger.com,jalbrecht@wapleshanger.com